IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY OLDHAM., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:06-0945 |
| ) | JUDGE HAYNES |
| UNITED STATES POSTAL SERVICE, ) | |
| John E. Potter, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

Before the Court is the Plaintiff's motion to alter or amend (Docket Entry No 91), the Court's findings of fact and conclusions of law (Docket Entry Nos 87 and. 88), to which the Defendant filed a response (Docket Entry No. 92).

Plaintiff argues, in sum: (1) that the Defendant's "timekeeping and payroll records do not accurately reflect the amount of hours" that Plaintiff worked or how much Plaintiff should have been paid; (2) that after his appointment as the Arrington Postmaster, Plaintiff was "required to work" at both Arrington and Antioch; and (3) that Wood v. Mid-America Management Corp., 2006 WL 2188706 (6th Cir. 2006) cited by the Court is inapplicable here.

As to the first contention, the Court found that in 2003 and 2004 after the end of his scheduled eight hour shift at the Lebanon Annex, Plaintiff was not doing compensable work for the Defendant. (Docket Entry No. 88, Memorandum at 10-11). Plaintiff testified that he worked approximately 12 hours per day, six days per week at Lebanon. See Oldman Testimony, TT pp. 113-114. Yet, there was not a corroborative witness who testified Plaintiff was at the Lebanon annex any earlier than 6:00 a.m. Kelly Jordan, Plaintiff's supervisor told Plaintiff to arrive 30 minutes before the city carriers arrived, i.e., 6:30 a.m. After his shift ended, Plaintiff was told to

leave, but Plaintiff elected to "hang around" the Lebanon post office for personal reasons. After Plaintiff's began work as Arrington's Postmaster, Plaintiff lacked corroborative proof of his purported work at the Antioch post office.

Plaintiff's testimony of his street observations for Mona Mitchell was contradicted by Mitchell's testimony. According to Plaintiff, at a dinner at a restaurant, Mitchell told him he would also be working at Franklin, in addition to Arrington and Antioch, but the parties stipulation was that this dinner occurred on March 31, 2005, three weeks before the Defendant terminated Plaintiff. To be sure, Mitchell permitted Plaintiff to work at Franklin and Plaintiff worked overtime during this period, but he was paid for that overtime.

The Court did not accept as credible Plaintiff's self-reported hours that were not recorded in the Defendant's records. Plaintiff was self-reporting his time to the Defendant either to a timekeeper or by personally entering his time into the system. Plaintiff was paid for his reported overtime to Defendant's officials, but was not paid for time that he did not report. An employee must advise the employer of overtime work and failure to do so precludes an FLSA. Harvill v. Westward Communications, LLC, 433 F.3d 428, 441 (5th Cir. 2005).

As to Woods, there an employee who was also responsible for submitting his time records for overtime hours, later changed his mind and did not report all of his overtime, but sought overtime pay. In Woods, plaintiff did not maintain records of his overtime, but estimated an "average of five hours plus . . . per day" and the Sixth Circuit ruled that "quite sensibly, an employer cannot suffer or permit an employee to perform services about which the employer knows nothing." Woods, 2006 WL 2188706 at *3, citing Kosakow v. New Rochelle Radiology Assoc., 274 F.3d 706, 718 (2nd Cir. 2001) and Holzapfel v. Town of Newburgh, 145 F.3d 516,

2

Case 3:06-cv-00945   Document 93   Filed 06/16/10   Page 2 of 3 PageID #: 1896

535 (2nd Cir. 1998). The Sixth Circuit reasoned that:

> At the end of the day, an employee must show that the employer knew or should have known that he was working overtime or, better yet, he should report the overtime hours himself. Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions. An employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.

Id. The Court continues to conclude that Wood is applicable here. Here, the Defendant lacked any reason to suspect that Plaintiff's overtime reports were inaccurate.

For these reasons, the Plaintiff's motion to alter or amend should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the _16th_ day of June, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

3